IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

ALEXIS RAMIREZ,

              Petitioner,      :      Case No. 1:14-cv-299

  - vs -                         District Judge Sandra S. Beckwith
                                    Magistrate Judge Michael R. Merz

RHONDA RICHARD, Warden,
 Madison Correctional Institution,

                                 :
              Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Alexis Ramirez brought this action for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his conviction and sentence on multiple burglary and rape convictions in the Butler County Common Pleas Court (ECF No. 1). On Magistrate Judge Bowman's Order (ECF No. 3), Respondent has filed the state court record (ECF No. 7) and a Return of Writ (ECF No. 8). Petitioner has now filed a Reply (ECF No. 20) and the case is ripe for decision.

Procedural History

A delinquency complaint was filed against Ramirez in the Butler County Juvenile Court in January 2010. Ramirez was fourteen at the time and it was charged that he had broken into the residence of a 64-year-old woman, demanded money, struck her on the head with the pellet gun he was using as a weapon, demanded that she undress, and then raped her. On the State's

1

motion, he was transferred to the general division and then indicted. After an initial plea of not guilty, he pled an insanity defense. However, after a forensic examination and a court conclusion that he was competent to stand trial, he pled no contest on all counts, was found guilty, and sentenced to twenty-eight years imprisonment. He appealed, claiming he should not have been bound over or found competent and that the offenses of rape and kidnapping were allied offenses of similar import under Ohio Revised Code § 2941.25 which should have been merged. The court of appeals sustained the third assignment and remanded with an order to merge counts three and seven.

Ramirez failed to appeal to the Supreme Court of Ohio but did oppose the State's appeal on the merger question. However, the Supreme Court declined jurisdiction. On remand the trial court imposed the same sentence as previously and Ramirez did not appeal.

On August 14, 2013, represented by new counsel, Ramirez sought a delayed appeal in the Ohio Supreme Court, but that court again declined jurisdiction. On April 10, 2014, Ramirez, through counsel, filed his Petition in this case. He pleads the following grounds for relief:

> **Ground One:** Ineffective Assistance of Counsel
>
> **Supporting Facts:** Alex Ramirez's confinement is in violation of his right to effective assistance of counsel under the Sixth Amendment to the U.S. Constitution, as incorporated into the Due Process Clause of the Fourteenth Amendment. The representation in this case fell far below the standard set by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80L.Ed. 2d 674 (1984).
>
> **Ground Two:** Cruel and Unusual Punishment
>
> **Supporting Facts**: Alex Ramirez's sentence violated his right to be free of cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution, as incorporated into the Due Process of the Fourteenth Amendment. As the United States

> Supreme Court explained in *Miller v. Alabama,* --U.S.--, 132 S.Ct. 2455, 2464, 183 L.Ed. 2d. 407 (2012):
>
>> *Roper* and *Graham* established that children are constitutionally different from adults for the purposes of sentencing. Because juveniles have diminished culpability and greater prospects for reform, we explained, "they are less deserving of the most severe punishments." *Graham*, 560 U.S. at 68, 130 S. Ct. at 2025, 176 L.Ed.2d 825. Those cases relied on three significant gaps between juveniles and adults. First children have a "'lack of maturity and an underdeveloped sense of responsibility,'" leading to recklessness, impulsivity, and heedless risk-taking. *Roper*, 543 U.S., at 569, 125 S. Ct. 1183, 161 L.Ed.2d 1. Second, children "are more vulnerable. . . to negative influences and outside pressures," including from their family and peers; they have limited "contro[l] over their own environment" and lack the ability to extricate themselves from horrific, crime-producing settings. *Ibid*. And third, a child's character is not as "well formed" as an adults; his traits are "less fixed" and his actions are less likely to be "evidence of irretrievabl[e] deprav[ity]."
>
> *Id*., at 570, 125 S.Ct. 1183, 161 L.Ed. 2d 1.  Alex was barely 14 when he was arrested.

(Petition, ECF No.1, PageID 14-15.)

The Warden objects that the First Ground for Relief is completely conclusory – it does not say whether the claim relates to trial or appellate counsel and it does not specify the particular acts or omissions which are challenged (Return of Writ, ECF No. 8, PageID 393).  In response, Ramirez's counsel have not sought to amend the Petition but allege deficient performance by trial counsel in (1) not contesting competency to defend or to plead, (2) allowing the prosecution's forensic expert to opine that Ramirez was not amenable to treatment in the juvenile system, and (3) not presenting contrary defense expert testimony (Reply, ECF No. 20, PageID 626).  Ineffective assistance of appellate counsel is alleged to have consisted in (1)

3

failure to raise ineffective assistance of trial counsel on appeal and (2) failure to file a notice of appeal to the Ohio Supreme Court.

Because these claims are specified for the first time in the Reply, the State has not had an opportunity to respond and the Court must analyze them without the benefit of argument from the Attorney General.  If Ramirez were to move to amend the Petition to specify these claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel, the Court would deny the motion as futile.  The claims of ineffective assistance of trial counsel are claims which could have been raised on direct appeal but were not.  They are therefore procedurally defaulted under Ohio *res judicata* law unless the failure to raise them on appeal is excused by ineffective assistance of appellate counsel.  Petitioner has very generally asserted that is the case, but has not presented the claims of ineffective assistance of appellate counsel to the Twelfth District Court of Appeals in the manner required by Ohio law, to wit, by filing an application to reopen the appeal under Ohio R. App. P. 26(B).  A claim of ineffective assistance of appellate counsel as excusing cause must first be presented to the state courts and is forfeited if not thus properly presented.  *Edwards v. Carpenter*, 529 U.S. 446 (2000).

In sum, Ramirez's First Ground for Relief, whether on the merits or offered as excusing cause, is barred by his procedural default in presenting it to the Ohio courts.

**Statute of Limitations**

The Warden asserts merit consideration of Ramirez's Petition is barred by the statute of limitations.  28 U.S.C. § 2244 (d), as adopted by Congress in the Antiterrorism and effective

4

Death Penalty Act of 1996 ("AEDPA") provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Warden calculates the statute as running from the date Ramirez's conviction became final, to wit, thirty days after he was re-sentenced on remand, to wit, August 13, 2012 (Sentencing Entry, Doc. No. 7, PageID 325). That would make the statute begin to run on September 12, 2012. The Warden admits the statute was tolled when Ramirez filed a motion for delayed direct appeal in the Ohio Supreme Court and remained tolled until that court denied the motion on October 23, 2013. The statute had already run 335 days when the delayed appeal motion was filed on August 14, 2013, and therefore expired November 22, 2013, thirty days after

the motion was denied. The Petition was not filed until April 10, 2014, and therefore, according to the Warden's calculation, is barred by the statute of limitations (Return of Writ, ECF No. 8, PageID 393-96).

Anticipating this defense in the Petition, Ramirez argues the statute is equitably tolled by (1) his minority and (2) the ineffectiveness of his attorneys (Petition, ECF No. 1, PageID 8-14). Ramirez does not cite any federal statutory tolling provision that is applicable, but relies on the "longstanding common law and statutory principle that a minor is not capable of maintaining a cause of action either in law or equity." (Reply, ECF No. 20, PageID 627).[1]

The one-year statute of limitations in 28 U.S.C. § 2244 is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011), *quoting Holland*, 560 U.S. at 649, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Equitable tolling allows courts to review time-barred habeas petitions 'provided that a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012),

The burden is on the petitioner to demonstrate that he is entitled to equitable tolling. *Keenan v. Bagley*, 400 F.3d 417, 420-22 (6th Cir. 2005); *Allen v. Yukins,* 366 F.3d 396 (6th Cir. 2004); *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003); *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). Typically, equitable tolling applies only when a litigant's failure to

---

[1] Because federal habeas corpus is not a cause of action for which the federal courts "borrow" a state statute of limitations, Ohio Revised Code § 2305.16, the Ohio minority tolling statute, does not apply. Compare *Bishop v. Children's Ctr. For Developmental Enrichment,* 618 F.3d 533 (6th Cir. 2010).

6

meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003), *citing Graham Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir. 2000). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham Humphreys*, 209 F.3d at 561. Equitable tolling should be granted sparingly. *Solomon v. United States*, 467 F.3d 928, 033 (6th Cir. 2006).

Ramirez cites a number of habeas cases in which the minority of the petitioner has been an issue. In *Castañeda v. Arnold*, No. 2:14-cv-02014, 2015 WL 3648759 (E.D. Cal. June 10, 2015), Magistrate Judge Drozd wrote:

> The undersigned has discovered no case holding that the AEDPA statute of limitations is equitably tolled during the period while a petitioner is a minor. Most courts to be confronted with the issue have concluded that, even if the statute of limitations were to be tolled during a petitioner's minority, the petitioner's subsequent failure to file a federal petition within one year of reaching majority ultimate renders the federal habeas petition time-barred. *See, e.g., Roy v. Phelps,* No. 09–654–LPS, 2011 WL 1302935 (D.Del. Apr.1, 2011) ("[E]ven if the Court were to assume, arguendo, that AEDPA's one-year period could be tolled during Petitioner's status as a juvenile, such tolling would not render the instant Petition timely filed."); *Hamilton v. Gonzalez,* No. C 09–1494 SI (pr), 2009 WL 3517612 (N.D.Cal. Oct.26, 2009) ("Any tolling would have ended when he reached the age of majority (or one year thereafter) about nine (or eight) years before his federal petition was filed and would not have tolled the limitations period for a long enough period of time to make his petition timely."); *Rowe v. Quarterman.* No. 3:07–CV–1963–P, 2008 WL 3850937 (N.D.Tex. Aug.18, 2008) ("Even if the court were to toll this period of time, the one-year period would have expired on August 14, 2002—one year after petitioner's twenty-first birthday ... and more than five months before he filed his state habeas application.").

*Id.* at *8. In *Eversole v. Thaler,* No. 3:11-cv-1478, 2012 WL 7749069, Magistrate Judge Toliver confronted a situation where a habeas petitioner turned eighteen years old nineteen days after the

7

statute ran. She held there was no tolling permitted on the basis of minority because no provision for minority tolling is included in 28 U.S.C. § 2244(d). *Id.* at *1. She also rejected the claim that petitioner's being a minor during the limitations period would justify equitable tolling:

> Petitioner implies that he should be entitled to equitable tolling because, as a minor[5] with mental and emotional issues from years of abuse, he lacked the mental capacity to pursue his legal rights during the one-year period. Petitioner, however, does not present any authority, and the Court has found none, holding that minority during the one-year limitations period warrants equitable tolling. Further, he fails to explain how his youth affected his ability to understand the legal procedures to file a federal petition or to demonstrate that he acted with diligence during the one-year period. *See Taylor v. Rozum,* 2005 WL 2660378 *3 (E.D.Pa.2005) (declining to apply equitable tolling because the fact that the petitioner was young, confused, and unfamiliar with the judicial system did not rise to an extraordinary circumstance); *Minniefield v. Gomez,* 2004 WL 722003 *3 (D.Conn. March 29, 2004) (declining to apply equitable tolling because "[t]he mere fact that a person is sixteen or seventeen years of age is not an extraordinary impediment to filing a timely petition in federal court."); *Ambers v. Cockrell,* No. 3:01–CV–2018–G, 2002 WL 1544703 *2 (N.D.Tex. July 11, 2002) (declining to apply equitable tolling where petitioner, who was fifteen years old at the time he was convicted, waited eight years from the time of his conviction until he filed his federal petition and failed to specify any disability or mental incapacity as a result of being a minor).

*Id.* at *2. Ramirez argues the Court should not rely on *Eversole* because it went beyond the cases it cited. However, he has cited no case in which a federal court has either found a minor is legally disabled from filing a habeas petition or where minority has been considered an extraordinary circumstance to justify equitable tolling.

Ramirez relies on Fed. R. Civ. P. 17 as "presum[ing] that a minor is incompetent for the purposes of filing a lawsuit or being sued." While that presumption is indeed implied by Rule 17, the Rule also provides that a minor may sue by next friend or guardian ad litem. Present

8

counsel represented Ramirez at least as early as April 29, 2013, when he wrote to ask the Butler County Prosecutor to waive exhaustion of state court remedies (State Court Record, ECF No. 7, PageID 361). He had been retained by Ramirez's mother. *Id.* Nothing prevented counsel from filing of a habeas corpus petition with Petitioner's mother as next friend. Similarly, whether or not Ramirez was or is incompetent would not excuse his failure to file during the time when he was represented by counsel.

While the pendency of the motion for delayed appeal tolled the statute, the need to file the motion in order to exhaust state remedies did not toll the statute. Precisely because of the statute of limitations, the Supreme Court has endorsed the practice of filing a petition and then seeking a stay pending state court exhaustion. *Rhines v. Weber*, 544 U.S. 269 (2005).

**Conclusion**

The Petition herein is barred by the statute of limitations and should be dismissed on that basis. Because that defense is conclusive, there is no need to discuss other issues raised by the pleadings. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 30, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).