**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Alexis Ramirez, | ) |
| | ) |
| Petitioner, | ) Case No. 1:14-CV-299 |
| | ) |
| vs. | ) |
| | ) |
| Warden, Madison Correctional | ) |
| Institution, | ) |
| | ) |
| Respondent. | ) |

O R D E R

This matter is before the Court on Petitioner Alexis Ramirez's petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), Magistrate Judge Merz's Report

and Recommendation (Doc. No. 21) recommending that Petitioner's petition be denied, and

Petitioner's objections to the Report and Recommendation (Doc. No. 22).  In his report,

Magistrate Judge Merz concluded that Petitioner's habeas petition is barred by the one-

year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  Magistrate Judge Merz also

concluded that the statute of limitations was not equitably tolled solely because Petitioner

was a minor during the limitations period. Magistrate Judge Merz, therefore, recommended

that Petitioner's habeas petition be dismissed and that the Court decline to issue a

certificate of appealablity.   Petitioner filed timely objections to the Report and

Recommendation.  For the reasons that follow, Petitioner's objections to Magistrate Judge

Merz's Report and Recommendation are not well-taken and are **OVERRULED.**  The Court

**ADOPTS** the Report and Recommendation.  Petitioner's petition for a writ of habeas corpus

is not well-taken and is **DENIED.**  Petitioner's petition is **DISMISSED WITH PREJUDICE.**

1

## I. Background

In January 2010, Petitioner Alexis Ramirez, then 14 years old, was arrested and detained in Butler County on charges of rape, kidnapping, aggravated burglary, aggravated robbery, and felonious assault.  Proceedings were instituted in juvenile court to determine whether Petitioner should be bound over to the common pleas court to be tried as an adult on the offenses alleged in the juvenile complaint.

As part of the bindover proceedings, Dr. Kim Stookey, Ph.D., conducted a forensic evaluation of Petitioner to determine whether he was amenable to rehabilitation in a facility designed for the care, supervision, and treatment of children.  Dr. Stookey interviewed Petitioner in the detention center in the presence of his mother and Petitioner completed several written personality and risk assessment tests.  In her subsequent report, Dr. Stookey found that Petitioner has a number of personality disorders, including Poly-substance Dependence, Oppositional Defiant Disorder, and Conduct Disorder.  She also found that Petitioner is functioning in the low average range of intelligence.  Dr. Stookey indicated further that Petitioner seemed to be developing anti-social and pyschopathetic personality traits.  Additionally, Dr. Stookey noted that her interview and testing suggested that Petitioner was suffering from affective disturbance, paranoid ideation, intrusive, disturbing, and obsessive thoughts, possible undisclosed hallucinations, social withdrawal and alienation, and generally impaired social skills.  She was unsure, however, whether this latter group of symptoms was caused by a temporary stress reaction or indicated a more significant and chronic illness such as schizophrenia or schizoidtypical personality disorder.  She concluded that Petitioner presented a high risk of re-offending and that his type of personality disorders usually are not successfully treated.  Dr. Stookey concluded,

therefore, that Petitioner was not amenable for treatment or rehabilitation as a child.

The juvenile court judge weighed the relevant statutory factors and determined that jurisdiction over Petitioner should be relinquished to the common pleas court because he was not amenable to treatment as a juvenile, and because the public's safety required that he face adult punishment. After Petitioner was bound-over, the grand jury returned an indictment charging him with three counts of rape, two counts of kidnapping, and one count each of aggravated burglary, aggravated robbery, felonious assault, and tampering with evidence.

Petitioner initially pled not guilty by reason of insanity and moved for a competency evaluation. Dr. Stookey then conducted two more interviews with Petitioner and issued a report concluding that he was competent to stand to trial. During the competency hearing, Dr. Stookey elaborated further on the findings of her earlier amenability report. Specifically, Dr. Stookey testified that based on her subsequent interviews with Petitioner, she concluded that some of the earlier symptoms she observed, in particular Petitioner's reported hallucinations, were caused by a temporary stress reaction and were not the product of a developing schizoid disorder. She explained that Petitioner had "settled down" since her earlier visit with him and had adjusted to detention. She further commented that while Petitioner's understanding of the legal system was not perfect, it was sufficient for him to assist in his defense.

The common pleas judge determined that Petitioner was competent to stand trial. Petitioner withdrew his not guilty pleas and pled no contest to the indictment. The trial judge accepted Petitioner's no contest pleas, found him guilty on all counts, and sentenced him to a total term of 28 years of imprisonment.

Petitioner, represented by new counsel on appeal, raised three assignments of error in his direct appeal: 1) the juvenile court erred in binding him over to the common pleas court; 2) the trial court erred in finding he was competent to stand trial; and 3) the trial court erred in convicting him of rape and kidnapping when they are allied offenses of similar import. The court of appeals rejected Petitioner's first two assignments of error but concluded the trial court should have merged the kidnapping charge with the first rape charge. The court remanded the case to the trial court for further proceedings. State v. Ramirez, No. CA2010-11-305, 2011 WL 6382537 (Ohio Ct. App. Dec. 19, 2011). Petitioner did not file an appeal of the court of appeals' judgment with the Supreme Court of Ohio. On remand, the trial court merged counts three, six, and seven and, in a judgment journalized on August 13, 2012, resentenced Petitioner to 28 years of imprisonment.

Petitioner did not file a notice of appeal from that judgment. Instead, on August 14, 2013, Petitioner, represented by his counsel in this case, filed a motion with the Supreme Court of Ohio pursuant to Supreme Court Practice Rule 7.01(A)(4) to file a delayed appeal from the court of appeals' December 2011 judgment. Petitioner's delayed appeal sought to raise claims of ineffective assistance of trial and appellate counsel and that his sentence violates the Eighth Amendment. On October 23, 2013, the Supreme Court of Ohio entered an order denying Petitioner's motion to file a delayed appeal.

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 10, 2014. Petitioner's petition raises ineffective assistance of counsel and Eighth Amendment cruel and unusual punishment claims. Apparently recognizing that his petition might be deemed untimely, Petitioner argued in his petition that he is entitled to equitable tolling of the one-year statute of limitations set forth in 28 U.S.C. § 2241(d)(1) due

to his status as a minor and because of the ineffective assistance of his appellate counsel. Respondent filed a return of writ arguing that Petitioner's petition is indeed barred by the statute of limitations and that he is not entitled to equitable tolling simply because he was a minor during the limitations period.  Respondent also argued that Petitioner's claims are procedurally defaulted because he failed to properly exhaust them in state court.

Magistrate Judge Merz issued a Report and Recommendation which concluded that Petitioner's claims are barred by the statute of limitations and that he is not entitled to equitable tolling.  According to Judge Merz's report, the statute of limitations on Petitioner's claims commenced 30 days after he was re-sentenced on remand but was tolled when he filed his motion to file a delayed appeal.  By that time, 335 days had elapsed.  The limitations period then expired on November 22, 2013, 30 days after the Supreme Court of Ohio denied his motion for a delayed appeal.  Petitioner did not file his § 2254 petition until April 2014, well after the limitations period expired.

Judge Merz also concluded that Petitioner is not entitled to equitable tolling of the statute of limitations because he was a minor during the limitations period.  Judge Merz noted that Petitioner has not cited any federal cases holding that being a minor is an exceptional circumstance that justifies equitable tolling of the statute of limitations.  Judge Merz also observed that Petitioner was represented by counsel during at least part of the limitations period and that counsel could have filed Petitioner's claims with his mother as next friend.  Judge Merz additionally reasoned that Supreme Court precedent would have permitted Petitioner's counsel to file his habeas petition during the limitations period and then move for a stay until he exhausted his state remedies.  In any case, Judge Merz concluded that neither Petitioner's status as a minor nor his mental health provided an

exceptional circumstance to justify equitable tolling of the statute of limitations.

Finally, Judge Merz agreed with Respondent that Petitioner procedurally defaulted his claims by not exhausting them in state court. Judge Merz concluded that Petitioner procedurally defaulted his claims by not raising them on direct appeal and that his ineffective assistance of counsel claims did not excuse the default because they too were procedurally defaulted.

Judge Merz concluded by recommending dismissal of Petitioner's habeas petition on statute of limitations grounds. Judge Merz also recommended denying Petitioner a certificate of appealability and leave to proceed on appeal in forma pauperis.

Petitioner filed timely objections to Magistrate Judge Merz's Report and Recommendation. Petitioner argues that Judge Merz's conclusion that he is not entitled to equitable tolling because he was minor during the limitations period was erroneous. Petitioner contends that in drafting the AEDPA, Congress was well-aware of the generally applicable rule that statutes of limitations are tolled during the minority of a plaintiff. Being aware of that rule, Plaintiff argues that Congress intended for the AEDPA statute of limitations to include equitable tolling based on the petitioner's status as minor. In other words, according to Petitioner, Congress intended that the AEDPA statute of limitations be equitably tolled solely because the petitioner is a minor. If equitable tolling is not available because he was a minor, Petitioner nevertheless argues that he entitled to an evidentiary hearing to determine whether he is entitled to equitable tolling because of his mental impairments. Finally, Petitioner argues that his claims are not procedurally defaulted because exhausting state remedies would have been futile. Alternatively, Petitioner contends that the alleged ineffectiveness of his state appellate counsel excuses the

procedural default.

## II. Analysis

The Court reviews de novo Magistrate Judge Merz's Report and Recommendation. Fed. R. Civ. P. 72(b).

Petitioner disagrees with Judge Merz's conclusion that he is not entitled to equitable tolling because of his mental impairments and/or because he was a minor during the limitations period.  Indeed, Petitioner emphatically argues that the statute of limitations was tolled while he was a minor.  Petitioner also contests Judge Merz's conclusion that he procedurally defaulted his claims.  The Court need not definitely decide whether Petitioner is entitled to equitable tolling on any ground because all of his claims are procedurally defaulted.

The procedural default rule is related to the statutory requirement that a habeas petitioner must exhaust any available state-court remedies before bringing a federal petition.  See 28 U.S.C. § 2254(b), (c).  Both rules have the purpose of allowing state courts the opportunity to address federal constitutional claims "in the first instance" before the claims are raised in federal habeas proceedings.  Lovins v. Parker, 712 F.3d 283, 294 (6th Cir. 2013).

Under the procedural default rule, a federal court acting on a state prisoner's habeas petition will not review a question of federal law if the last state-court judgment denying relief on the claim rests on a procedural state-law ground that is "independent of the federal question and is adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). The rule "has its historical and theoretical basis in the 'adequate and independent state ground' doctrine" that governs direct review of state court cases by the

United States Supreme Court.  Harris v. Reed, 489 U.S. 255, 260 (1989) (citing Wainwright v. Sykes, 433 U.S. 72, 78–79, 81–82, 87(1977)).  "In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court." Coleman, 501 U.S. at 732.

 "A claim may become procedurally defaulted in two ways."  Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006).  First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule.  Id.  Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.  Id.

In this case, Petitioner defaulted his Eighth Amendment claim by not raising it on direct appeal after he was re-sentenced by the trial court.   Williams, 460 F.3d at 808.  In any event, sentencing a juvenile to a term of imprisonment not amounting to a sentence of life without the possibility of parole - even a lengthy term of imprisonment like Petitioner's sentence in this case - does not violate the Eighth Amendment's Cruel and Unusual Clause.  Bunch v. Smith, 685 F.3d 546, 552 (6th Cir. 2012) (16 year-old's 89-year sentence did not violate clearly established Eighth Amendment law); Goins v. Smith, 556 Fed. Appx. 434, 435-40 (6th Cir. 2014) (16 year-old's 84-year sentence did not violate Eighth Amendment).

Because Petitioner was represented by different counsel in his first direct appeal he procedurally defaulted his ineffective assistance of trial counsel claims by not raising them

8

in his direct appeal.  State v. Lentz, 639 N.E.2d 784, 786 (Ohio 1994) (when a defendant is represented by new counsel on direct appeal, failure to raise therein a claim for ineffective assistance of trial counsel is barred by res judicata if it the claim could fairly have been determined without resort to evidence beyond the record); State v. Cole, 443 N.E.2d 169, 171 (Ohio 1982).  In any event, to the extent Petitioner could be excused for not raising his ineffective assistance of trial counsel claims on direct appeal, he procedurally defaulted these claims when the Supreme Court of Ohio denied his motion for a delayed appeal. Bonilla v. Hurley, 370 F.3d 494, 497 (6th Cir. 2004).  Additionally, as explained next, because Petitioner procedurally defaulted his ineffective assistance of appellate counsel claims, appellate counsel's alleged deficient performance does not excuse the procedural default of his ineffective assistance of trial counsel claims.  See Edwards v. Carpenter, 529 U.S. 446, 453 (2000) (ineffective assistance of appellate counsel claim asserted to excuse procedural default can itself be procedurally defaulted if petitioner did not properly present it to state court).

Petitioner procedurally defaulted his ineffective assistance of appellate counsel claims by not filing a motion to re-open his direct appeal in the state court of appeals within 90 days of the journalization of that court's judgment in accordance with Ohio R. App. P. 26(B).  Landrum v. Mitchell, 625 F.3d 905, 916-17 (6th Cir. 2010); Monzo v. Edwards, 281 F.3d 568, 577 (6th Cir. 2002).  Citing State v. Gumm, 814 N.E.2d 861 (Ohio 2004), Petitioner appears to argue that filing a Rule 26(B) motion would have been futile because it would have been summarily denied by the court of appeals as being untimely and, according to Petitioner, exhaustion of remedies is not required where it would be futile to require exhaustion.  Gumm does require a defendant to file a timely Rule 26(B) motion to

assert an ineffective assistance of appellate counsel claim even if he must retain new counsel or proceed pro se to do so, 814 N.E.2d at 863, but that rule has nothing to with whether it would have been futile for Petitioner to file a Rule 26(B) motion in this case.  The State of Ohio provided a remedy to Petitioner for his ineffective assistance of appellate counsel claim by making Rule 26(B) available, but he failed to file a timely motion. Petitioner cannot miss a filing deadline and then ask the court to excuse the exhaustion requirement because it would have been futile for him to file an untimely motion.  That would turn the procedural default doctrine on its head.  A habeas petitioner must properly exhaust his claims in state court, i.e., comply with all of the state's procedural rules, which includes meeting filing deadlines.  O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); see also Edwards, 529 U.S. at 453 ("The purposes of the exhaustion requirement . . . would be utterly defeated if the prisoner were able to obtain federal habeas review simply by 'letting the time run' so that state remedies were no longer available.").  Here, Petitioner failed to properly exhaust his ineffective assistance of appellate counsel claims by not filing a timely Rule 26(B) motion with the state court of appeals.  Therefore, his ineffective assistance of appellate counsel claims are procedurally barred.  And, because those claims are procedurally defaulted, they cannot serve as cause to excuse the default of his ineffective assistance of trial counsel claims.

To extent that Petitioner alleges that his appellate counsel was ineffective for not filing a timely appeal of the court of appeals' judgment to the Supreme Court of Ohio, he was not entitled to assistance of counsel in filing a discretionary appeal to the Supreme Court of Ohio.  Ross v. Moffitt, 417 U.S. 600 (1974).  Petitioner does not allege that his trial counsel failed to advise him of the deadline for filing a discretionary appeal.  Smith v. Ohio

Dep't of Rehab. & Corr., 463 F.3d 426, 433-35 (6th Cir. 2006) (on first direct appeal as of right, appellate counsel has duty to inform petitioner of the results of direct appeal and the deadline for filing a notice of discretionary appeal with the Supreme Court of Ohio).

In summary, Petitioner procedurally defaulted the claims raised in his habeas petition by not properly exhausting them in state court.  Accordingly, Respondent is entitled to dismissal of the Petitioner's habeas petition.

## Conclusion

For the foregoing reasons, Petitioner's objections to Magistrate Judge Merz's Report and Recommendation are not well-taken and are **OVERRULED.**  The Court **ADOPTS** the Report and Recommendation to the extent that Judge Merz concluded that Petitioner's claims are procedurally defaulted and that the Court should dismiss his habeas petition. Petitioner's application for a writ of habeas corpus is not well-taken and is **DENIED.**  The petition is **DISMISSED WITH PREJUDICE.**

A certificate of appealability will not issue with respect to this order because under the first prong of the applicable two-part standard established in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.  Petitioner remains free to request issuance of the certificate of appealability from the Court of Appeals.  See 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

With respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith.  Therefore, Petitioner is **DENIED** leave to appeal in forma pauperis.

See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).


**IT IS SO ORDERED**

Date December 4, 2015                                   s/Sandra S. Beckwith
                                                        Sandra S. Beckwith
                                                        Senior United States District Judge